IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ANTHONY EUGENE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 04-4215-CV-C-NKL |
| | ) | Crim. No. 01-4034-CR-C-NKL |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Anthony Johnson's ("Johnson") Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. # 31]. For the reasons set forth below, the Court denies Johnson's Motion.

**I.  Background**

In January 2000, officers from the Columbia Missouri Police Department conducted a traffic stop of Johnson's vehicle in Boone County. After questioning Johnson and his passenger, the officers arrested Johnson for unlawful possession of a weapon and cocaine.

On August 24, 2001, Johnson was charged in a two count federal Indictment for the conduct arising out of his January 2000 arrest by the Columbia Police Department. Count I of the Indictment charged Johnson with possession of a firearm while being a felon and an unlawful user of narcotics in violation of 18 U.S.C. § 922(g). Count II of the Indictment charged Johnson with possession of cocaine.

1

On January 25, 2002, Johnson pleaded guilty to Count I of the Indictment. Under the Plea Agreement reached with the Government, Johnson agreed to plead guilty to Count I and the Government would dismiss Count II of the Indictment. The Plea Agreement advised that Johnson understood that the "Court may impose any sentence authorized by law, and [Johnson] may not withdraw his plea of guilty solely as a result of the sentence imposed . . . the Court may impose a statutory term of imprisonment of not more than ten (10) years . . . ." For the purposes of sentencing, the Government and Johnson agreed that his Base Offense Level should be at least 24, but that Johnson should be entitled to a 3-level downward departure based on his acceptance of responsibility. Although the Government and Johnson agreed to these terms, the Plea Agreement explicitly stated, "The parties understand and agree that no provision contained in this Agreement is binding on either the Court or the United States Probation Office." Johnson's court-appointed counsel, David Mercer ("Mercer"), advised Johnson that his sentence would probably be somewhere between 77 and 96 months and the Government agreed to seek the low end of this range at the sentencing hearing. Mercer met with Johnson and he repeatedly stated that he was prepared to plead guilty and Mercer told Johnson that he would seek any downward departure at sentencing that was "legitimate and strategically wise." *See* Mercer Affidavit at ¶ 3.

While Johnson was incarcerated awaiting sentencing on his guilty plea, he wrote a letter to Loyd McCawley ("McCawley"), which was intercepted by the Missouri Department of Corrections. In the letter, Johnson stated that he was attempting to obtain

2

a downward departure based on his alleged diminished mental capacity and that he planned to call McCawley as a witness at the sentencing hearing to corroborate his claim. In the letter, Johnson wrote, "I'm going to need you to testify to the following for me at sentencing. Read this over and over good before you come to court. Stories have to match - OK!" Johnson then set forth a detailed factual outline to guide McCawley in developing his testimony. Johnson explicitly suggested to McCawley what his testimony should be at the sentencing hearing and he directed him to make particular statements. Johnson also wrote, "I am writing [another witness for the sentencing hearing] and getting him to say the same thing."

Prior to the Court's sentencing hearing, the Probation Officer conducted a pre-sentence investigation report ("PSIR"). In developing his report, the Probation Officer interviewed Johnson and Johnson admitted writing the January 2002 letter to McCawley. The Probation Officer recommended a Base Offense Level of 24, and a two-level enhancement for obstruction of justice based on Johnson's letter to McCawley. The Probation Officer did not recommend a downward departure for acceptance of responsibility because, under the federal sentencing guidelines, an enhancement for obstruction of justice ordinarily indicates that a defendant has not properly accepted responsibility. Thus, according to the PSIR, Johnson's total offense level was 26 and his Criminal History Category was VI. The Probation Officer recommended a sentence of 120 months.

In his objections to the PSIR, Mercer objected to the enhancement based on

obstruction of justice and the related lack of a downward departure for acceptance of responsibility. Mercer also stated that a downward departure may be justified based on the adequacy of Johnson's criminal history category[1] and Johnson's purported diminished mental capacity.[2]

Prior to the sentencing hearing, Mercer undertook numerous investigatory routes to prepare for Johnson's hearing. First, Mercer interviewed McCawley about Johnson's mental capacity. McCawley stated that Johnson's mental capabilities were normal, except when he was using drugs. McCawley also stated that he had no knowledge about the facts underlying Count I of the Indictment and that he had not seen Johnson for fifteen years prior to Johnson's arrest. Second, Mercer interviewed two other individuals, but he did not call them at the sentencing hearing because one individual's testimony would have been irrelevant in light of Johnson's guilty plea and the other individual's testimony was inconsistent with Johnson's statements. Based on Johnson's illicit drug use, the lack of corroborating witnesses, and his personal observations of Johnson, Mercer decided not to pursue the diminished capacity departure at the sentencing hearing.

On June 7, 2002, the Court conducted a sentencing hearing. The Court overruled Mercer's objection to the sentencing enhancement based on Johnson's attempt to obstruct justice. However, the Court did give Johnson the three-level downward departure for acceptance of responsibility because Johnson pleaded guilty and he saved the

---

[1] *See* § 4A1.3 of the federal sentencing guidelines.

[2] *See* § 5K2.13 of the federal sentencing guidelines.

4

Government the time and expense of pursuing a trial. Thus, the Court reduced Johnson's offense level from 26 to 23 and maintained his Criminal History Category at VI. Under these conditions, the range of imprisonment under the federal sentencing guidelines was 92-115 months. The Court sentenced Johnson to 92 months' imprisonment. The Court also required Johnson to submit to mental health treatment during the term of his supervised release.

At the time of his sentencing, Johnson was serving a term of imprisonment in the Missouri Department of Corrections and his federal sentence was to run concurrent with his Missouri sentence. For the period that Johnson was in federal custody, he obtained credit against his state term of imprisonment.

Johnson filed a direct appeal to attack his sentence. Johnson challenged this Court's finding that he had obstructed justice by sending his letter to McCawley. The Eighth Circuit affirmed the Court's holding and found that the two-level enhancement for Johnson's sentence based on his obstruction of justice was not clear error. *See United States v. Johnson*, 316 F.3d 818 (8th Cir. 2003), *cert. denied*, 540 U.S. 852 (2003).

Johnson filed his initial section 2255 Motion on September 7, 2004 [Doc. # 1]. In November 2004, the Court ordered Johnson to file his Amended Motion in the form prescribed by section 2255. Johnson subsequently filed his pending Amended Motion [Doc. # 31].

**II.   Evidentiary Hearing**

On a motion to vacate, a movant is entitled to an evidentiary hearing when the

5

facts alleged, if true, would entitle him to relief. *Payne v. United States*, 78 F.3d 343 (8th Cir. 1996) (citations omitted). However, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face. *Id*. Moreover, a district court need not hold an evidentiary hearing in a section 2255 case when the files and records conclusively show that the movant is not entitled to relief. *See Bradshaw v. United States*, 153 F.3d 704 (8th Cir. 1998). After reviewing the records and files, the Court concludes that all of Johnson's claims can be fully and fairly evaluated on the existing record and no evidentiary hearing is necessary.

## III. Discussion

In his Amended Motion, Johnson alleges twenty grounds for relief ranging from ineffective assistance of counsel to actual innocence. The Court will take up related claims together rather than in the order in which Johnson presents them.

### A. Prosecutorial Behavior

#### 1. *Second Ground for Relief*

##### a. **Selective Prosecution**[3]

Johnson alleges that the Government selectively prosecuted him because "other similarly situated defendants were either promptly indicted after dismissal of State charges or else were simultaneously prosecuted by both State and federal authorities."

---

[3]Johnson's first ground for relief alleges ineffective assistance of counsel because Mercer did not object to the proceedings based on Johnson's alleged selective prosecution. Because the Court finds that there is no evidence that the Government engaged in selective prosecution, it also finds that Mercer's conduct did not fall below a reasonable standard of diligence in failing to raise the issue.

6

*See* Amended Motion [Doc. # 31 at p. 7]. To establish a claim for selective prosecution, Johnson must demonstrate that (1) he had been singled out for prosecution while similarly situated individuals have not been prosecuted for similar conduct, and (2) the Government's discriminatory prosecution was based on an impermissible factor, such as race, religion, or the exercise of constitutional rights. *United States v. Aanerud*, 893 F.2d 956, 960 (8th Cir. 1990), *cert. denied*, 498 U.S. 822 (1990). Johnson has not identified any other similarly situated individuals nor has he even averred an unlawful basis for his allegedly selective treatment. Therefore, Johnson has failed to set out even a *prima facie* claim for selective prosecution.

### b. Speedy Trial Act

Johnson also alleges that his speedy trial rights were violated because he was indicted at the federal level thirteen months after his arrest by state officials for the same conduct. The Speedy Trial Act requires "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Johnson was arrested by state officials in January 2000, and he was not indicted at the federal level until August 2001. A state arrest that is the basis of a subsequent federal indictment does not begin the limitations period set out in section 3161(b). *United States v. Ray*, 768 F.2d 991, 997 (8th Cir. 1985), *overruled on other grounds*, *Henderson v. United States*, 476 U.S. 321 (1986); *United States v. Brown*, 605 F.2d 389, 395 (8th Cir. 1979). *Accord United States v. Shahryar*, 719 F.2d 1522,

7

1525 (11th Cir. 1983); *United States v. Iaquinta*, 674 F.2d 260, 264 (4th Cir. 1982); *United States v. Phillips*, 569 F.2d 1315, 1317 (5th Cir. 1978). Therefore, Johnson's arrest by state officials in January 2000 did not trigger the beginning of the Speedy Trial Act's limitation period, and the formal initiation of charges against Johnson in August 2001 was timely.

### 2. *Prosecutorial Misconduct - Eighteenth Ground for Relief*

Johnson alleges that the Government's attorney committed misconduct when he did not ensure that the strict terms of the Plea Agreement were adhered to by the Court. However, the Plea Agreement clearly sets forth that the Court is not bound by its terms, regardless of the conduct of the Government's attorney. Therefore, this point of relief is meritless.

Johnson also alleges that the Government's attorney engaged in misconduct when he failed to produce McCawley at Johnson's sentencing hearing because McCawley could have testified in support of Johnson's allegation of diminished capacity. Johnson's claim is not viable because it was incumbent on Johnson to assure the presence of helpful witnesses at the sentencing hearing--not the Government's attorney. Accordingly, this was not misconduct on the part of the Government's attorney.

### B. Challenge to Obstruction of Justice Enhancement

#### 1. *Letter as a Basis for Enhancement - Grounds Ten and Eleven*

In Grounds Ten and Eleven, Johnson challenges the sufficiency of his letter to McCawley as the evidentiary basis for the obstruction of justice enhancement. This is the

8

exact issue that the Eighth Circuit considered in Johnson's direct appeal when it affirmed the District Court's imposition of the enhancement. *See United States v. Johnson*, 316 F.3d 818. The Eighth Circuit considered whether the letter alone was sufficient evidence to support the enhancement and it found that it was sufficient. *Id.* at 820. Issues that have already been considered and resolved on direct appeal cannot be litigated in the form of a section 2255 proceeding. *Anderson v. United States*, 619 F.2d 772, 773 (8th Cir. 1980).

### 2. *Apprendi Challenge - Grounds Twelve and Fifteen*

Johnson also claims that the two-level obstruction of justice enhancement violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because he did not admit the underlying facts and the facts were not proved beyond a reasonable doubt to a jury.[4] However, Johnson did admit that he authored the letter to McCawley, which was the basis of the enhancement, and he does not refute that allegation in his Amended Motion. Thus, Johnson did admit the underlying facts that were used to support the enhancement.

Nonetheless, even assuming that Johnson did not admit that he authored the letter, the Court's imposition of the enhancement did not violate *Apprendi*. In *Apprendi*, the Court held "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and

---

[4]Johnson explicitly states that he does not request any relief under the Supreme Court's decisions in *United States v. Booker*, 125 S. Ct. 738 (2005). *See* Traverse [Doc. # 38 at p. 49]. It also appears that Johnson does not assert relief based on *Blakely v. Washington*, 124 S. Ct. 2531 (2004). Therefore, the Court will consider only whether Johnson's enhancement violated *Apprendi*. The outcome would be the same because neither *Booker* nor *Blakely* are retroactive.

9

proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. The Eighth Circuit has applied *Apprendi* only in the situation where a defendant's sentence exceeded the maximum length of time set out in the statute governing the defendant's conviction. *See United States v. Francis*, 367 F.3d 805, 820 (8th Cir. 2004), *rev'd* 125 S. Ct. 988, (2005); *United States v. Walker*, 324 F.3d 1032, 1041 (8th Cir. 2003), *cert. denied* 540 U.S. 898 (2003); *United States v. Aguayo-Delgado*, 220 F.3d 926, 933 (8th Cir. 2000), *cert. denied* 531 U.S. 1026 (2000).

In Johnson's case, the statutory maximum term of imprisonment set out in the statute that Johnson violated, 18 U.S.C. § 922(g), is ten years (120 months). However, the Court sentenced Johnson to a term of imprisonment of 92 months. Thus, Johnson's sentence did not exceed the statutory maximum in violation of *Apprendi* and Johnson's twelfth and fifteenth grounds for relief must fail.

### 3. *Actual Innocence - Ground Sixteen*

Johnson has submitted that he is actually innocent of the obstruction of justice enhancement based on an affidavit submitted by McCawley. Even if all of the facts contained in McCawley's affidavit are true, they do not prove Johnson's innocence. McCawley does not allege that Johnson did not write the letter and it does not appear that McCawley is even familiar with the letter's contents. The enhancement was based on Johnson's authorship of the letter and the Court's interpretation of its contents. Because Johnson undisputedly drafted the letter, McCawley's affidavit has no bearing on Johnson's innocence.

### C. Probation Officer Authority - Ground Four

In his fourth ground for relief, Johnson alleges that the Probation Officer exceeded his authority when he drafted the PSIR and made a recommendation regarding Johnson's sentence. Even though a Probation Officer's role is that of a neutral information gatherer, the Officer must also make a recommendation about what constitutes an appropriate sentence. *United States v. Espalin*, 350 F.3d 488, 496 (6th Cir. 2003); *United States v. Fraza*, 106 F.3d 1050, 1056 (1st Cir. 1997) ("We would expect the [probation] officer to exercise his independent judgment as to the application of the guidelines . . . ."); *United States v. Johnson*, 935 F.2d 47, 49 (4th Cir. 1991); *United States v. Woods*, 907 F.2d 1540, 1543-44 (5th Cir. 1990). However, courts still anticipate that the district court will "make the hard decisions" with regards to sentencing issues. *United States v. Tocco*, 200 F.3d 401, 436 (6th Cir. 2000), *cert. denied* 539 U.S. 926 (2003).

In this case, the Probation Officer did not exceed the scope of his authority. The Officer conducted a thorough investigation and recommended a sentence that included a modest enhancement for Johnson's attempt to obstruct justice by suborning perjury. The Officer rightly brought this information to the Court's attention. To the extent that Johnson may believe that the Court was unduly influenced by the Probation Officer, that belief is erroneous. The Officer recommended that Johnson not receive the benefit of the acceptance of responsibility downward departure, but the Court provided it to Johnson anyway. Also, the Officer proposed the same Base Offense Level (24) as outlined in Johnson's Plea Agreement. Thus, the Court exercised independence in calculating

Johnson's sentence and the Officer's recommendations were not substantially different from Johnson's Plea Agreement. Therefore, the Officer did not exceed his authority during the proceedings.[5]

### D. Sentencing Credit - Grounds Five and Six

Johnson alleges that the Court erred when it did not give him credit for time served under section 5G1.3 of the federal sentencing guidelines. Section 5G1.3 does not apply to Johnson's sentence because that section only relates to time that has been served pursuant to a sentence for relevant conduct that has been considered at the sentencing stage. This section is inapplicable to the facts surrounding Johnson's case.

It is unclear whether Johnson seeks credit against his federal sentence for the time that he was in federal custody prior to his sentencing hearing or whether he seeks the credit for the time he has served in the state penal system. Regardless of which form of relief Johnson seeks, his claim must fail because his state conviction is separate and distinct from his federal conviction; thus, his state prison term cannot count as time served in his federal proceeding. To the extent Johnson is seeking credit for time served in federal custody, his section 2255 motion is not the correct vehicle. *United States v. Giddings*, 740 F.2d 770, 771 (9th Cir. 1984). Therefore, the Court denies these grounds for relief.

---

[5]Johnson's third and thirteenth grounds for relief allege ineffective assistance of counsel because Mercer did not object to the proceedings based on the Officer's conduct. Because the Court finds that the Officer did not abuse his authority, it also finds that Mercer's conduct did not fall below a reasonable standard of diligence in failing to raise the issue.

### E. Mental Health During Supervised Release - Ground Eight

Johnson alleges that the Court erred when it required him to submit to mental health care during the period of his supervised release. At the sentencing hearing, Johnson complained that he had requested mental health treatment during his supervised release period, but that the Probation Officer did not report it in his PSIR. Sent. Tr. 20:23 to 21:3. Johnson stated, "I requested to [the Probation Officer] that I still wanted to take a drug and mental health after care programs after whenever the conclusion of this case and I get a supervised release." *Id.* Subsequently, the Court imposed a mental health treatment requirement during the pendency of Johnson's supervised release and Johnson did not object to such an imposition. Johnson cannot now argue that it was error to impose such a requirement after he requested it and he failed to object to it, particularly given the broad discretion of trial courts to determine the terms of supervised release. *See United States v. Schoenrock*, 868 F.2d 289, 291 (8th Cir. 1989) (broad discretion afforded to district courts in defining scope of probation terms provided that the terms are reasonably related to goals of rehabilitation and protection) (citations omitted).

### F. Scope of Sentence - Ground Fourteen

Johnson alleges that the Court erred when it sentenced him outside the scope of the terms negotiated in the Plea Agreement. Johnson argues that he was promised a sentence of 77 months and that the Court's imposition of a 92 month sentence was wrongful. Without recounting all of the provisions of the Plea Agreement, the Court finds that Johnson was never guaranteed or promised a sentence of only 77 months. Moreover, the

13

Court finds that Johnson had more than sufficient notice that the Court was not bound by the Plea Agreement. At most, Mercer advised Johnson that his sentence would probably be between 77 and 96 months, which it was.

Johnson also implicitly argues that the Government breached the Plea Agreement, but that argument is unsubstantiated. Johnson argues that the PSIR recommendation of a 120 month sentence and other terms in the PSIR violated the Plea Agreement, but it appears Johnson is confusing the United States Attorney's office and the Probation Office, which are wholly independent entities. Based on the transcript from the hearing, it is clear the Government complied with the terms of the Plea Agreement.

### G. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a movant must satisfy a two-part test. First, the movant must prove that his counsel's representation was deficient, and second, that the deficient performance prejudiced his case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A counsel's performance is deficient if he or she "failed to exercise the customary skills and diligence that a reasonably competent attorney would have exhibited under similar circumstances." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (internal quotation omitted). The prejudice component "focuses on the question [of] whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law

14

entitles him." *Id.* Further, "[w]hen considering whether the defense suffered prejudice, a court must determine whether there is a reasonable probability (sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Blankenship v. United States*, 159 F.3d 336, 338 (8th Cir. 1998).

Johnson alleges Mercer's conduct constituted ineffective assistance of counsel on several grounds. The Court has already denied Johnson's ineffective assistance claims presented in grounds one, three, and thirteen[6] and it will now take up the other claims.

### 1. *Diminished Capacity Departure - Ground Nine*

Johnson alleges that Mercer's counsel was ineffective when he failed to call McCawley and other witnesses to substantiate Johnson's claim of diminished capacity so as to support a downward departure and avoid his enhancement. Mercer interviewed the witnesses that Johnson identified who could support his claim of diminished capacity, including McCawley, and he determined that their potential testimony was not helpful, particularly where McCawley could not testify about Johnson's mental capacity. Although McCawley attacks Mercer in his affidavit, he does not allege that Mercer is lying on this point; instead, he implies that he did not reveal all pertinent information to Mercer because he was not speaking with Mercer privately. This is not a sufficient basis to find ineffective assistance of counsel. Mercer contacted Johnson's witnesses,

---

[6]*See* nn. 3 and 5, *supra*.

interviewed them, and determined they were either irrelevant or not helpful to his sentencing proceeding. The formal objections filed by Mercer to the PSIR and the transcript of the sentencing hearing reflect that Mercer vigorously argued on behalf of his client and he presented a cogent defense. Accordingly, Johnson cannot establish that Mercer's conduct fell below a reasonable standard and he cannot satisfy the first prong of the ineffective assistance of counsel test set forth above.

### 2. *Downward Departures - Ground Seven*

Johnson alleges that Mercer should have pursued several downward departures, including a departure for: (1) substantial assistance under section 5K1.1 of the guidelines; (2) delayed indictment and sentencing under section 5K2.0; (3) aberrant behavior departure under section 5K2.0; (4) lesser harm under section 5K2.11; and (5) diminished capacity under section 5K2.13. Johnson has failed to aver any facts that would have supported a legitimate motion for any of these departures. Johnson's Plea Agreement did not encompass any of these downward departures nor did the PSIR indicate that he would qualify for any of them. Regarding the diminished capacity departure, Mercer's affidavit demonstrates that he initially considered invoking this departure, but later declined to do so because of the lack of facts to support it. Because Johnson has not established that he is entitled to any one of these departures, the Court finds that Mercer's conduct did not fall below the reasonable standard set forth in the ineffective assistance of counsel analysis.

### 3. *Appeal - Ground Seventeen*

16

Johnson alleges that Mercer's conduct was deficient because he "omitted two dead bang winner issues on direct appeal." Specifically, Johnson argues that Mercer should have included the time credit argument and, on direct appeal, the argument that Johnson's letter to McCawley could not support the obstruction of justice enhancement. The Eighth Circuit's opinion reflects that Mercer did argue on appeal that Johnson's letter to McCawley was not sufficient to support the enhancement and the Eighth Circuit rejected that contention. Regarding the time credit argument, the Court has already found that it is a meritless assertion and Mercer's decision not to include the argument on appeal did not constitute ineffective assistance of counsel.

### G. Miscellaneous Issues - Grounds Nineteen and Twenty

In his nineteenth ground for relief, Johnson argues that the cumulative effect of all the errors warrant granting his Amended Motion. Given that the Court has not found merit in any of Johnson's assertions, it will deny this ground for relief.

In his twentieth and final ground for relief, Johnson argues that the Court has discretion to dismiss his Indictment or retroactively grant his downward departure. Again, in light of the Court's finding that Johnson's Amended Motion is meritless, it will deny his twentieth ground for relief.

## IV. Conclusion

Accordingly, it is hereby

ORDERED that Johnson's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. # 31] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

DATE: June 8, 2005
Jefferson City, Missouri